UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIRK D. WEAVER,

         Plaintiff,

    v.

WARDEN FONG, *et al.*,

         Defendants.
                                     /

No. C-11-3188 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I.    INTRODUCTION

Kirk D. Weaver, a prisoner currently housed at Folsom State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.    BACKGROUND

Weaver alleges the following in his complaint about events and omissions that occurred while he was a prisoner at San Quentin State Prison.

On May 12, 2009, Weaver allegedly was "mistakenly, illegally, malicious[ly], and fraudulently" charged with battery on nurse Bonner for an incident in which he took a pain pill out of the nurse's hand after she had confiscated it from him. Docket # 1 (Complaint) at 3. A rule violation report was written, charging him with "battery on a non-peace officer." *See* Docket # 1 at 19. A hearing was held, at which Weaver was found guilty of the disciplinary charge. The discipline imposed included a term in the security housing unit as well as a loss of 150 days of time credits. *See id.* at 18, 25.

1 Weaver further alleges that he is an "ADA inmate and suffered further mental and physical 2 harm by all officers mentioned in this suit by being forced to live in San Quentin Ad-seg, without 3 proper light, food, clothing or human living standards, as it was infested with rats and bugs which 4 crawled on me." *Id.* at 4.

5 Weaver also alleges that his "'RLUIPA' rights were violated." *Id.*

6 Finally, Weaver alleges that, when he was transferred, all his personal property was lost by 7 San Quentin property officers.

### III. DISCUSSION

9 A federal court must engage in a preliminary screening of any case in which a prisoner seeks 10 redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 11 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims 12 which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek 13 monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* 14 pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 15 (9th Cir. 1990).

16 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right 17 secured by the Constitution or laws of the United States was violated and (2) that the violation was 18 committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 19 (1988).

20 A. The Allegedly False Charge of Battery

21 The complaint fails to state a claim upon which relief may be granted with respect to the 22 allegation that Weaver was falsely charged with battery on nurse Bonner. A prisoner does not have 23 a constitutional right not to be falsely or wrongly accused of conduct which could result in the 24 deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); 25 *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural 26 due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under 27 § 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984). Weaver did not allege that he 28 was deprived of any of the procedural protections to which he was entitled under *Wolff v.*

*McDonnell*, 418 U.S. 539 (1974) at the disciplinary hearing. Since he does not allege a denial of any of the *Wolff* protections, there was no constitutional violation in the alleged false accusation of battery. That claim is dismissed.

The complaint, liberally construed, appears to challenge the sufficiency of the evidence to support the disciplinary decision. That claim cannot proceed because it is barred by the *Heck* rule. The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or sentence unless that conviction or sentence already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, *i.e.*, it implicates the duration of the plaintiff's sentence. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). *Heck* also bars a claim for using the wrong *Wolff v. McDonnell*, 418 U.S. 539 (1974), procedures in a disciplinary hearing that resulted in the deprivation of time credits if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." *Edwards v. Balisok*, 520 U.S. 641, 645 (1997).

The practical importance of the *Heck* rule here is that Weaver cannot attack the disciplinary decision that affects the duration of his confinement *in* a civil rights action for damages; the disciplinary decision must have been successfully attacked *before* the civil rights action for damages is filed. The reason for this is that, if he succeeded on a claim for damages based on the absence of some evidence to support the disciplinary decision, that success would imply the invalidity of the discipline imposed (*i.e.*, loss of time credits) and that would affect the duration of his confinement. The claim therefore must be dismissed without leave to amend. If Weaver wishes to challenge the decision that resulted in the credit forfeiture, he must do so in a petition for writ of habeas corpus, but not until he first exhausts his state judicial remedies.

///

///

B. <u>Conditions In Administrative Segregation</u>

The complaint fails to state a claim upon which relief may be granted based on the conditions in administrative segregation. The Eighth Amendment's prohibition of cruel and unusual punishment covers not only the use of force on prisoners but also sets a minimum level for prison conditions, *i.e.*, they may not be so bad that they amount to cruel and unusual punishment. Prison officials must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991); *Johnson v. Lewis*, 217 F.3d 726, 731-33 (9th Cir. 2000). The more basic the need, the shorter the time it can be withheld. *See Johnson*, 217 F.3d at 731. In a conditions of confinement claim under the Eighth Amendment, the prisoner must show that: (1) the deprivation is, objectively, sufficiently serious, and (2) the prison official acted with a sufficiently culpable state of mind, *i.e.*, deliberate indifference. *See Farmer*, 511 U.S. at 834.

Weaver's claim about the housing conditions has two problems. The first problem is that it is not clear whether the conditions were objectively serious enough to violate the Eighth Amendment because Weaver described the conditions too generally and without any indication as to the duration of the conditions. For example, he alleges that there was a lack of "proper light," but that might mean anything from dim lighting to complete darkness, and may have lasted for moments or months. In his amended complaint he needs to be particular in his description of the allegedly unconstitutional conditions and how long each condition lasted.

The second problem is that the complaint does not link any defendant to this claim. In his amended complaint, Weaver must link one or more defendant(s) to this claim by describing what each defendant did or failed to do that caused a violation of his constitutional rights. For example, he could identify the person(s) who caused him not to be provided with proper light. He also needs to allege that the person(s) acted with deliberate indifference to the risk to Weaver's safety/health in making the decisions. In the complaint, he named the warden as a defendant but does not allege that the warden played any part in the decision-making process. The warden may have been named because he was in charge of the prison, but there is no respondeat superior liability under section 1983, *i.e.* no liability under the theory that one is responsible for the actions or omissions of an

4

employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

To summarize: in his amended complaint, Weaver must describe specific facts showing that he was subjected to a sufficiently serious condition, *i.e.*, he should describe each offending condition and state the dates on which he was exposed to each allegedly impermissible condition. He also must link one or more defendants to the claim by alleging what each defendant did or failed to do that caused the allegedly unacceptable conditions in administrative segregation. And he must allege that the defendants acted with deliberate indifference to his health or safety.

Weaver refers to himself as an "ADA inmate." It is unclear whether he is attempting to allege a claim based on this, but that one reference alone does not state a claim. Leave to amend is granted so that he may attempt to allege an ADA claim in his amended complaint if he wishes to pursue such a claim. Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 *et seq*. ("ADA"), provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

C.    RLUIPA

The allegation that Weaver's RLUIPA rights were violated does not state a claim upon which relief may be granted. Leave to amend is granted so that he may attempt to allege such a claim in his amended complaint if he wishes to pursue such a claim. The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an

institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). Here, the plaintiff must plead facts showing that (1) his religious exercise has been burdened and (2) the burden is substantial. *See generally Spratt v. Rhode Island Dep't of Corrections*, 482 F.3d 33 (1st Cir. 2007) (describing burden-shifting on elements of RLUIPA claim). In his amended complaint, should Weaver seek to assert this claim, he must identify what his religious exercise was that was burdened, describe how defendant(s) burdened the religious exercise, state the date(s) on which it was burdened, and identify the defendant(s) who caused the burden.

D.  Property Loss

The allegation that prison property officers lost or destroyed Weaver's property when he was transferred is not actionable under § 1983. Allegations that a plaintiff has been deprived of his property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, *see Zinermon v. Burch*, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). Weaver's allegations show a "random and unauthorized deprivation" of his personal property which do not amount to a violation of any federal constitutional right.

The lost property claim may be actionable under state law. The state law claim should be pursued in state court, if at all, because it is not properly joined with the other claims. Even if plaintiff had pled supplemental jurisdiction over the state law claim, the claim would not satisfy Federal Rule of Civil Procedure 20(a)'s joinder rules. The property claim is against different

defendants (*i.e.*, property officers and not the custodial staff who are defendants on the other claims), does not arise out of the same transaction or occurrence as the other claims, and there are not questions of law or fact common to all defendants. *See* Fed. R. Civ. P. 20(a).

## IV. CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend as to the claims so specified above. The amended complaint must be filed no later than **December 16, 2011**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

In preparing his amended complaint, Weaver should bear in mind that liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor*, 880 F.2d at 1045. Weaver must take care in his amended complaint to identify each involved defendant by name; and link each of them to each claim, by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (prisoner must allege specific facts demonstrating a defendant was the "actual and proximate cause of any constitutional violation").

IT IS SO ORDERED.

Dated: November 15, 2011

_____
EDWARD M. CHEN
United States District Judge